


# RESIDENTIAL PURCHASE AGREEMENT

(Joint Escrow Instructions)

Date: __03/15/21__

1
2
3   __Dionisio Gonzalez_____ ("Buyer"), hereby offers to purchase
4   __8835    Rancho Destino Rd_____ ("Property"),
5   within the city or unincorporated area of __LAS VEGAS_____, County of __CLARK__,
6   State of Nevada, Zip __89123__ A.P.N. # __177-16-405-008__ for the purchase price of
7   $ __575,000.00__ ( __Five Hundred Seventy-Five Thousand__ dollars) ("Purchase Price")
8   on the terms and conditions contained herein: BUYER    does –OR–  **X** does not intend to occupy the Property as a residence.

### Buyer's Offer

10   **1.    FINANCIAL TERMS & CONDITIONS:**

11   $ **10,000.00**    A. **EARNEST MONEY DEPOSIT** ("EMD") is    presented with this offer –OR– _____
12   _____. Upon Acceptance, Earnest Money to be
13   deposited within one (1) business day from acceptance of offer (as defined in Section 23 herein) –OR–
14   **2** business days if wired to: **X** Escrow Holder,    Buyer's Broker's Trust Account, –OR–    Seller's
15   Broker's Trust Account. *(NOTE: It is a felony in the State of Nevada—punishable by up to four years in prison and a
16   $5,000 fine—to write a check for which there are insufficient funds. NRS 193.130(2)(d).)*

18   $ _____    B. **ADDITIONAL DEPOSIT** to be placed in escrow on or before (date) _____. The
19   additional deposit    will –OR–    will not be considered part of the EMD. (Any conditions on the additional
20   deposit should be set forth in Section 28 herein.)

22   $ **425,000**    C. **THIS AGREEMENT IS CONTINGENT UPON BUYER QUALIFYING FOR A NEW LOAN:**
23   **X** Conventional,    FHA,    VA,    Other (specify) _____.

25   $ _____    D. **THIS AGREEMENT IS CONTINGENT UPON BUYER QUALIFYING TO ASSUME THE
26   FOLLOWING EXISTING LOAN(S):**
27   Conventional,    FHA,    VA,    Other (specify) _____.
28   Interest:    Fixed rate, ____ years – OR –    Adjustable Rate, ____ years. Seller further agrees to provide
29   the Promissory Note and the most recent monthly statement of all loans to be assumed by Buyer within FIVE
30   (5) calendar days of acceptance of offer.

32   $ _____    E. **BUYER TO EXECUTE A PROMISSORY NOTE SECURED BY DEED OF TRUST PER TERMS
33   IN THE "FINANCING ADDENDUM"** which is attached hereto.

35   $ **140,000**    F. **BALANCE OF PURCHASE PRICE** (Balance of Down Payment) in Good Funds to be paid prior to
36   Close of Escrow ("COE").

38   $ **575,000.00**    G. **TOTAL PURCHASE PRICE** (This price DOES NOT include closing costs, prorations, or other fees
39   and costs associated with the purchase of the Property as defined herein.)

Each party acknowledges that he/she has read, understood, and agrees to each and every provision of this page unless a particular paragraph is otherwise modified by addendum or counteroffer.
Buyer's Name(s): __Dionisio Gonzalez_____    BUYER(S) INITIALS: [*Dioni*] / ____ / ____ / ____

Property Address: __8835    Rancho Destino Rd_____    SELLER(S) INITIALS: *M.S.* / ____ / ____ / ____
Rev. 12.20    ©2020 Greater Las Vegas Association of REALTORS®    Page 1 of 11

2. **ADDITIONAL FINANCIAL TERMS & CONTINGENCIES:**

   A. **NEW LOAN APPLICATION:** Within **Done** business days of Acceptance, Buyer agrees to (1) submit a completed loan application to a lender of Buyer's choice and (2) furnish a preapproval letter to Seller based upon a standard factual credit report and review of debt-to-income ratios. If Buyer fails to complete any of these conditions within the applicable time frame, Seller reserves the right to terminate this Agreement. In such event, both parties agree to cancel the escrow and return EMD to Buyer. Buyer shall use Buyer's best efforts to obtain financing under the terms and conditions outlined in this Agreement.

   B. **APPRAISAL CONTINGENCY:** Buyer's obligation to purchase the property is contingent upon the property appraising for not less than the Purchase Price. If after the completion of an appraisal by a licensed appraiser, Buyer receives written notice from the lender or the appraiser that the Property has appraised for less than the purchase price (a "Notice of Appraised Value") Buyer may attempt to renegotiate or cancel the RPA by providing written notice to the Seller (with a copy of the Appraisal) no later than **N/A** calendar days following the date of Acceptance of the RPA; whereupon the EMD shall be released to the Buyer without the requirement of written authorization from Seller. **IF this Residential Purchase Agreement is not cancelled, in writing on or before the Appraisal Deadline, Buyer shall be deemed to have waived the appraisal contingency.**

   C. **LOAN CONTINGENCY:** Buyer's obligation to purchase the property is contingent upon Buyer obtaining the loan referenced in Section 1(C) or 1(D) of the RPA unless otherwise agreed in writing. Buyer shall remove the loan contingency in writing, attempt to renegotiate, or cancel the RPA by providing written notice to the Seller no later than **21** calendar days following the date of Acceptance of the RPA; whereupon the EMD shall be released to the Buyer without the requirement of written authorization from Seller. **IF this Residential Purchase Agreement is not cancelled, in writing on or before the Loan Contingency Deadline, Buyer shall be deemed to have waived the loan contingency.**

   D. **CASH PURCHASE:** Within **N/A** business days of Acceptance, Buyer agrees to provide written evidence from a bona fide financial institution of sufficient cash available to complete this purchase. If Buyer does not submit the written evidence within the above period, Seller reserves the right to terminate this Agreement.

3. **SALE OF OTHER PROPERTY:**
   A. This Agreement is NOT contingent upon the sale of any property owned by the Buyer. –OR–
   B. ☐ (if checked): The attached Contingent Upon Sale Addendum is hereby incorporated into this agreement.

4. **FIXTURES AND PERSONAL PROPERTY:** The following items will be transferred, free of liens, with the sale of the Property with no real value unless stated otherwise herein. Unless an item is covered under Section 7(F) of this Agreement, all items are transferred in an "AS IS" condition. All EXISTING fixtures and fittings including, but not limited to: electrical, mechanical, lighting, plumbing and heating fixtures, ceiling fan(s), fireplace insert(s), gas logs and grates, solar power system(s), built-in appliance(s) including ranges/ovens, window and door screens, awnings, shutters, window coverings, attached floor covering(s), television antenna(s), satellite dish(es), private integrated telephone systems, air coolers/conditioner(s), pool/spa equipment, garage door opener(s)/remote control(s), mailbox, in-ground landscaping, trees/shrub(s), water softener(s), water purifiers, security systems/alarm(s).

The following additional items of personal property are also included:
**Washer, Dryer, Refrigerator**

**SMART HOME DEVICES:**
   A. This Agreement DOES NOT include the transfer of SMART Home Devices owned by the Seller. –OR–
   B. ☐ (if checked): The attached SMART Home Device Addendum provided by seller is hereby incorporated into this agreement.

Each party acknowledges that he/she has read, understood, and agrees to each and every provision of this page unless a particular paragraph is otherwise modified by addendum or counteroffer.

Buyer's Name(s): **Dionisio Gonzalez**   BUYER(S) INITIALS: [Dioni] / ___ / ___

Property Address: **8835 Rancho Destino Rd**   SELLER(S) INITIALS: /M.J./ / ___ / ___

Rev. 12.20   ©2020 Greater Las Vegas Association of REALTORS®   Page 2 of 11
This form presented by Ricardo Ruiz | GK Properties | 7028151555 | Rick@RuizLV.com



5. **ESCROW:**

   A. **OPENING OF ESCROW:** The purchase of the Property shall be consummated through Escrow ("Escrow"). Opening of Escrow shall take place by the end of one (1) business day after Acceptance of this Agreement ("Opening of Escrow"), at _____Noble Title_____ title or escrow company ("Escrow Company" or "ESCROW HOLDER") with _____Corina Jacques_____ ("Escrow Officer") (or such other escrow officer as Escrow Company may assign). Opening of Escrow shall occur upon Escrow Company's receipt of this fully accepted Agreement. ESCROW HOLDER is instructed to notify the Parties (through their respective Agents) of the opening date and the Escrow Number.

   B. **EARNEST MONEY:** Upon Acceptance, Buyer's EMD as shown in Section 1(A), and 1(B) if applicable, of this Agreement, shall be deposited pursuant to the language in Section 1(A) and 1(B) if applicable.

   C. **CLOSE OF ESCROW:** Close of Escrow ("COE") shall be on or before _____04/16/21_____ (date). If the designated date falls on a weekend or holiday, COE shall be the next business day.

   D. **IRS DISCLOSURE:** Seller is hereby made aware that there is a regulation that requires all ESCROW HOLDERS to complete a modified 1099 form, based upon specific information known only between parties in this transaction and the ESCROW HOLDER. Seller is also made aware that ESCROW HOLDER is required by federal law to provide this information to the Internal Revenue Service after COE in the manner prescribed by federal law.

6. **TITLE INSURANCE:** This Purchase Agreement is contingent upon the Seller's ability to deliver, good and marketable title as evidenced by a policy of title insurance, naming Buyer as the insured in an amount equal to the purchase price, furnished by the title company identified in Section 5(A). Said policy shall be in the form necessary to effectuate marketable title or its equivalent and shall be paid for as set forth in Section 8(A).

7. **BUYER'S DUE DILIGENCE:** Buyer's obligation **X** is –OR–  is not conditioned on the Buyer's Due Diligence as defined in this section 7(A) below. This condition is referred to as the "Due Diligence Condition" if checked in the affirmative, Sections 7 (A) through (C) shall apply; otherwise, they do not. Buyer shall have __10__ calendar days following the date of Acceptance of the RPA (as defined in Section 23 herein) to complete Buyer's Due Diligence. Seller agrees to cooperate with Buyer's Due Diligence. **Seller shall ensure that all necessary utilities (gas, power and water) and all operable pilot lights are on for Buyer's investigations and through the close of escrow.**

   A. **PROPERTY INSPECTION/CONDITION:** During the Due Diligence Period, Buyer shall take such action as Buyer deems necessary to determine whether the Property is satisfactory to Buyer including, but not limited to, whether the Property is insurable to Buyer's satisfaction, whether there are unsatisfactory conditions surrounding or otherwise affecting the Property (such as location of flood zones, airport noise, noxious fumes or odors, environmental substances or hazards, whether the Property is properly zoned, locality to freeways, railroads, places of worship, schools, golf courses, etc.) or any other concerns Buyer may have related to the Property. During such Period, Buyer shall have the right to conduct, non-invasive/ non-destructive inspection of all structural, roofing, mechanical, electrical, plumbing, heating/air conditioning, water/well/septic, pool/spa, survey, square footage, and any other property or systems, through licensed and bonded contractors or other qualified professionals. Seller agrees to provide reasonable access to the Property to Buyer and Buyer's inspectors. Buyer agrees to indemnify and hold Seller harmless with respect to any injuries suffered by Buyer or third parties present at Buyer's request while on Seller's Property conducting such inspections, tests or walk-throughs. Buyer's indemnity shall not apply to any injuries suffered by Buyer or third parties present at Buyer's request that are the result of an intentional tort, gross negligence or any misconduct or omission by Seller, Seller's Agent or other third parties on the Property. Buyer is advised to consult with appropriate professionals regarding neighborhood or Property conditions, including but not limited to: schools; proximity and adequacy of law enforcement; proximity to commercial, industrial, or agricultural activities; crime statistics; fire protection; other governmental services; existing and proposed transportation; construction and development; noise or odor from any source; and other nuisances, hazards or circumstances. If Buyer cancels this Agreement due to a specific inspection report, Buyer shall provide Seller at the time of cancellation with a copy of the report containing the name, address, and telephone number of the inspector.

   B. **BUYER'S RIGHT TO CANCEL OR RESOLVE OBJECTIONS:** If Buyer determines, in Buyer's sole discretion, that the results of the Due Diligence are unacceptable, Buyer may either: (i) no later than the Due Diligence Deadline referenced in Section 7, cancel the Residential Purchase Agreement by providing written notice to the Seller, whereupon the Earnest Money Deposit referenced in Section 1(A) shall be released to the Buyer without the requirement of further written authorization from Seller; or (ii) no later than the Due Diligence Deadline referenced in Section 7, resolve in writing with Seller any objections Buyer has arising from Buyer's Due Diligence.

Each party acknowledges that he/she has read, understood, and agrees to each and every provision of this page unless a particular paragraph is otherwise modified by addendum or counteroffer.

Buyer's Name(s): __Dionisio Gonzalez__        BUYER(S) INITIALS: [Dioni] / ___ / ___ / ___

Property Address: __8835 Rancho Destino Rd__        SELLER(S) INITIALS: /M.S./ ___ / ___ / ___

  C. **FAILURE TO CANCEL OR RESOLVE OBJECTIONS**: If Buyer fails to cancel the Residential Purchase Agreement or fails to resolve in writing with Seller any objections Buyer has arising from Buyer's Due Diligence, as provided in Section 7, **Buyer shall be deemed to have waived the Due Diligence Condition.**

  BUYER(S) INITIALS: [*Dioni*] / _____ / _____ / _____

  D. **INSPECTIONS**: Acceptance of this offer is subject to the following reserved right. Buyer may have the Property inspected and select the licensed contractors, certified building inspectors and/or other qualified professionals who will inspect the Property. Seller will ensure that necessary utilities (gas, power and water and all operable pilot lights) are turned on and supplied to the Property within two (2) business days after Acceptance of this Agreement, to remain on until COE. *It is strongly recommended that Buyer retain licensed Nevada professionals to conduct inspections.* If any inspection is not completed and requested repairs are not delivered to Seller within the Due Diligence Period, Buyer is deemed to have waived the right to that inspection and Seller's liability for the cost of all repairs that inspection would have reasonably identified had it been conducted, except as otherwise provided by law. The foregoing expenses for inspections will be paid outside of Escrow unless the Parties present instructions to the contrary prior to COE, along with the applicable invoice.
(Identify which party shall pay for the inspection noted below either: SELLER, BUYER, 50/50, WAIVED or N/A.)

| Type | Paid By | Type | Paid By | Type | Paid By |
|---|---|---|---|---|---|
| Energy Audit | N/A | Fungal Contaminant Inspection | N/A | Well Inspection (Quantity) | N/A |
| Home Inspection | Buyer | Mechanical Inspection | N/A | Well Inspection (Quality) | N/A |
| Termite/Pest Inspection | N/A | Pool/Spa Inspection | N/A | Wood-Burning Device/ Chimney Inspection | N/A |
| Roof Inspection | N/A | Soils Inspection | N/A | Septic Inspection | Buyer |
| Septic Lid Removal | Seller | Septic Pumping | N/A | Structural Inspection | N/A |
| Survey (type): N/A | N/A | Other: N/A | N/A | Other: N/A | N/A |

  E. **CERTIFICATIONS**: In the event an inspection reveals areas of concern with the roof, septic system, well, wood burning device/chimney or the possible presence of a fungal contaminant, Buyer reserves the right to require a certification. The expenses for certifications will be paid outside of Escrow unless the Parties present instructions to the contrary prior to COE (along with the applicable invoice). A certification is not a warranty.

  F. **BUYER'S REQUEST FOR REPAIRS**: It is Buyer's responsibility to inspect the Property sufficiently as to satisfy Buyer's use. Buyer reserves the right to request repairs, based upon the Seller's Real Property Disclosure or items which materially affect value or use of the Property revealed by an inspection, certification or appraisal. Items of a general maintenance or cosmetic nature which do not materially affect value or use of the Property, which existed at the time of Acceptance and which are not expressly addressed in this Agreement are deemed accepted by the Buyer, except as otherwise provided in this Agreement. The Brokers herein have no responsibility to assist in the payment of any repair, correction or deferred maintenance on the Property which may have been revealed by the above inspections, agreed upon by the Buyer and Seller or requested by one party.

**8.** **FEES, AND PRORATIONS** (Identify which party shall pay the costs noted below either: SELLER, BUYER, 50/50, WAIVED or N/A.)

  A. TITLE, ESCROW & APPRAISAL FEES:

| Type | Paid By | Type | Paid By | Type | Paid By |
|---|---|---|---|---|---|
| Escrow Fees | 50/50 | Lender's Title Policy | Buyer | Owner's Title Policy | Seller |
| Real Property Transfer Tax | Seller | Appraisal | Buyer | Other: N/A | N/A |

  B. **PRORATIONS**: Any and all rents, taxes, interest, homeowner association fees, trash service fees, payments on bonds, SIDs, LIDs, and assessments assumed by the Buyer, and other expenses of the property shall be prorated as of the date of the recordation of the deed. Security deposits, advance rentals or considerations involving future lease credits shall be credited to the Buyer. All prorations will be based on a 30-day month and will be calculated as of COE. Prorations will be based upon figures available at closing. Any supplements or adjustments that occur after COE will be handled by the parties outside of Escrow.

Each party acknowledges that he/she has read, understood, and agrees to each and every provision of this page unless a particular paragraph is otherwise modified by addendum or counteroffer.

Buyer's Name(s): __Dionisio Gonzalez_____  BUYER(S) INITIALS: [*Dioni*] / \_\_\_ / \_\_\_ / \_\_\_

Property Address: __8835 Rancho Destino Rd_____  SELLER(S) INITIALS: /*M.S.*/ \_\_\_ / \_\_\_

Rev. 12.20    ©2020 Greater Las Vegas Association of REALTORS®   Page 4 of 11
This form presented by Ricardo Ruiz | GK Properties | 7028151555 | Rick@RuizLV.com 

C. **PRELIMINARY TITLE REPORT:** Within ten (10) business days of Opening of Escrow, Title Company shall provide Buyer with a Preliminary Title Report ("PTR") to review, which must be approved or rejected within five (5) business days of receipt thereof. If Buyer does not object to the PTR within the period specified above, the PTR shall be deemed accepted. If Buyer makes an objection to any item(s) contained within the PTR, Seller shall have five (5) business days after receipt of objections to correct or address the objections. If, within the time specified, Seller fails to have each such exception removed or to correct each such objection, Buyer shall have the option to: (a) terminate this Agreement by providing notice to Seller and Escrow Officer, entitling Buyer to a refund of the EMD or (b) elect to accept title to the Property as is. All title exceptions approved or deemed accepted are hereafter collectively referred to as the "Permitted Exceptions."

D. **CLOSING FEES:** In addition to Seller's expenses identified herein, Seller will contribute $____N/A____ to Buyer's Lender's Fees **including –OR–** excluding costs which Seller must pay pursuant to loan program requirements, Title and Escrow Fees and/or Buyer's reoccurring and non-reoccurring closing fees that may include brokerage Commissions not covered as part of the cooperation offered but not limited to. Different loan types (e.g., FHA, VA, conventional) have different appraisal and financing requirements, which will affect the parties' rights and costs under this Agreement.

E. **HOME PROTECTION PLAN:** Buyer and Seller acknowledge that they have been made aware of Home Protection Plans that provide coverage to Buyer after COE. **Buyer X waives –OR–** requires a Home Protection Plan with _____. **Seller –OR–** Buyer will pay for the Home Protection Plan at a price not to exceed $_____. **Buyer** will order the Home Protection Plan. Neither Seller nor Brokers make any representation as to the extent of coverage or deductibles of such plans.

9. **TRANSFER OF TITLE:** Upon COE, Buyer shall tender to Seller the agreed upon Purchase Price, and Seller shall tender to Buyer marketable title to the Property free of all encumbrances other than (1) current real property taxes, (2) covenants, conditions and restrictions (CC&R's) and related restrictions, (3) zoning or master plan restrictions and public utility easements; and (4) obligations assumed, and encumbrances accepted by Buyer prior to COE. Buyer is advised the Property may be reassessed after COE which may result in a real property tax increase or decrease.

10. **COMMON-INTEREST COMMUNITIES:** If the Property is subject to a Common Interest Community ("CIC"), **Seller shall provide AT SELLER'S EXPENSE the CIC documents as required by NRS 116.4109** (collectively, the "resale package"). Seller shall request the resale package within two (2) business days of Acceptance and provide the same to Buyer within one (1) business day of Seller's receipt thereof.

- **Pursuant to NRS 116.4109, Buyer may cancel this Agreement without penalty until midnight of the fifth (5th) calendar day following the date of receipt of the resale package.** If Buyer elects to cancel this Agreement pursuant to this statute, he/she must deliver, via hand delivery, prepaid U.S. mail, or electronic transmission, a written notice of cancellation to Seller or his or her authorized agent.
- **If Buyer does not receive the resale package within fifteen (15) calendar days of Acceptance, this Agreement may be cancelled in full by Buyer without penalty.** Notice of cancellation shall be delivered pursuant to Section 24 of the RPA.
- Upon such written cancellation, Buyer shall promptly receive a refund of the EMD. The parties agree to execute any documents requested by ESCROW HOLDER to facilitate the refund. If written cancellation is not received within the specified time period, the resale package will be deemed approved. Seller shall pay all outstanding CIC fines or penalties at COE.

A. **CIC RELATED EXPENSES:** (Identify which party shall pay the costs noted below either: SELLER, BUYER, 50/50, WAIVED or N/A.)

| Type | Paid By | Type | Paid By | Type | Paid By |
|---|---|---|---|---|---|
| CIC Demand | N/A | CIC Capital Contribution | N/A | CIC Transfer Fee/Setup Fee | N/A |
| N/A | N/A | N/A | N/A | N/A | N/A |

Each party acknowledges that he/she has read, understood, and agrees to each and every provision of this page unless a particular paragraph is otherwise modified by addendum or counteroffer.

Buyer's Name(s): __Dionisio Gonzalez__   BUYER(S) INITIALS: [Dioni] /_____ /_____ /_____

Property Address: __8835 Rancho Destino Rd__   SELLER(S) INITIALS: M.J. /_____ /_____ /_____

Rev. 12.20    ©2020 Greater Las Vegas Association of REALTORS®    Page 5 of 11

11. **DISCLOSURES: Within five (5) calendar days of Acceptance of this Agreement,** Seller will provide the following Disclosures and/or documents. **Check applicable boxes.**
   - ✗ **Seller Real Property Disclosure Form:** (NRS 113.130)
   - ☐ **Open Range Disclosure:** (NRS 113.065)
   - ☐ **Construction Defect Claims Disclosure:** If Seller has marked "Yes" to Paragraph 1(d) of the Sellers Real Property Disclosure Form (NRS 40.688)
   - ☐ **Lead-Based Paint Disclosure and Acknowledgment:** required if constructed before 1978 (24 CFR 745.113)
   - ✗ **Other:** (list) N/A

12. **FEDERAL FAIR HOUSING COMPLIANCE AND DISCLOSURES:** All properties are offered without regard to race, color, religion, sex, national origin, age, gender identity or expression, familial status, sexual orientation, ancestry, or handicap and any other current requirements of federal or state fair housing laws.

13. **WALK-THROUGH INSPECTION OF PROPERTY:** Buyer is entitled under this Agreement to a walk-through of the Property within __3__ calendar days prior to COE to ensure the Property and all major systems, appliances, heating/cooling, plumbing and electrical systems and mechanical fixtures are as stated in Seller's Real Property Disclosure Statement, and that the Property and improvements are in the same general condition as when this Agreement was Accepted by Seller and Buyer. To facilitate Buyer's walk-through, Seller is responsible for keeping all necessary utilities on, including all operable pilot lights. If any systems cannot be checked by Buyer on walk-through due to non-access or no power/gas/water, then Buyer reserves the right to hold Seller responsible for defects which could not be detected on walk-through because of lack of such access or power/gas/water. The purpose of the walk-through is to confirm (a) the Property is being maintained (b) repairs, if any, have been completed as agreed, and (c) Seller has complied with Seller's other obligations. **If Buyer elects not to conduct a walk-through inspection prior to COE, then all systems, items and aspects of the Property are deemed satisfactory, and Buyer releases Seller's liability for costs of any repair that would have reasonably been identified by a walk-through inspection, except as otherwise provided by law.**

14. **DELIVERY OF POSSESSION:** Seller shall deliver the Property along with any keys, alarm codes, garage door opener/controls and, if freely transferable, parking permits and gate transponders outside of Escrow, upon COE. Seller agrees to vacate the Property and leave the Property in a neat and orderly, broom-clean condition and tender possession no later than ✗ **COE** –OR– _____. In the event Seller does not vacate the Property by this time, Seller shall be considered a trespasser in addition to Buyer's other legal and equitable remedies. Any personal property left on the Property after the date indicated in this section shall be considered abandoned by Seller.

15. **RISK OF LOSS:** Risk of loss shall be governed by NRS 113.040. This law provides generally that if all or any material part of the Property is destroyed before transfer of legal title or possession, Seller cannot enforce the Agreement and Buyer is entitled to recover any portion of the sale price paid. If legal title or possession has transferred, risk of loss shall shift to Buyer.

16. **ASSIGNMENT OF THIS AGREEMENT:** Unless otherwise stated herein, this Agreement is non-assignable unless agreed upon in writing by all parties.

17. **CANCELLATION OF AGREEMENT:** In the event this Agreement is properly cancelled in accordance with the terms contained herein, then Buyer will be entitled to a refund of the EMD. Neither Buyer nor Seller will be reimbursed for any expenses incurred in conjunction with due diligence, inspections, appraisals or any other matters pertaining to this transaction (unless otherwise provided herein or except as otherwise provided by law).

18. **DEFAULT:**
   A. **MEDIATION:** Before any legal action is taken to enforce any term or condition under this Agreement, the parties agree to engage in mediation, a dispute resolution process, through a mediator mutually agreed upon by the parties. Mediation fees, if any, shall be divided equally among the parties involved. Notwithstanding the foregoing, in the event the Buyer finds it necessary to file a claim for specific performance, this section shall not apply. Each party is encouraged to have an independent lawyer of their choice review this mediation provision before agreeing thereto. By initialing below, the parties confirm that they have read and understand this section and voluntarily agree to the provisions thereof.

**BUYER(S) INITIALS:** [Dioni] / ____ / ____ / ____    **SELLER(S) INITIALS:** M.S. / ____ / ____ / ____

Each party acknowledges that he/she has read, understood, and agrees to each and every provision of this page unless a particular paragraph is otherwise modified by addendum or counteroffer.

Buyer's Name(s): __Dionisio Gonzalez__    BUYER(S) INITIALS: [Dioni] / ____ / ____

Property Address: __8835 Rancho Destino Rd__    SELLER(S) INITIALS: M.S. / ____ / ____

Rev. 12.20    ©2020 Greater Las Vegas Association of REALTORS®    Page 6 of 11
This form presented by Ricardo Ruiz | GK Properties | 7028151555 | Rick@RuizLV.com    TRANSACTIONS

B. **IF SELLER DEFAULTS:** If Seller defaults in performance under this Agreement, Buyer reserves all legal and/or equitable rights (such as specific performance) against Seller, and Buyer may seek to recover Buyer's actual damages incurred by Buyer due to Seller's default.

C. **IF BUYER DEFAULTS: If Buyer defaults in performance under this Agreement,** as Seller's sole legal recourse, Seller may retain, as liquidated damages, the EMD. In this respect, the Parties agree that Seller's actual damages would be difficult to measure and that the EMD is in fact a reasonable estimate of the damages that Seller would suffer as a result of Buyer's default. Seller understands that any additional deposit not considered part of the EMD in Section 1(B) herein will be immediately released by ESCROW HOLDER to Buyer.

## Instructions to Escrow

19. **ESCROW:** If this Agreement or any matter relating hereto shall become the subject of any litigation or controversy, Buyer and Seller agree, jointly and severally, to hold ESCROW HOLDER free and harmless from any loss or expense, except losses or expenses as may arise from ESCROW HOLDER'S negligence or willful misconduct. If conflicting demands are made or notices served upon ESCROW HOLDER with respect to this Agreement, the parties expressly agree that Escrow is entitled to file a suit in interpleader and obtain an order from the Court authorizing ESCROW HOLDER to deposit all such documents and monies with the Court and obtain an order from the Court requiring the parties to interplead and litigate their several claims and rights among themselves. Upon the entry of an order authorizing such Interpleader, ESCROW HOLDER shall be fully released and discharged from any obligations imposed upon it by this Agreement; and ESCROW HOLDER shall not be liable for the sufficiency or correctness as to form, manner, execution or validity of any instrument deposited with it, nor as to the identity, authority or rights of any person executing such instrument, nor for failure of Buyer or Seller to comply with any of the provisions of any agreement, contract or other instrument filed with ESCROW HOLDER or referred to herein. ESCROW HOLDER'S duties hereunder shall be limited to the safekeeping of all monies, instruments or other documents received by it as ESCROW HOLDER, and for their disposition in accordance with the terms of this Agreement. In the event an action is instituted in connection with this escrow, in which ESCROW HOLDER is named as a party or is otherwise compelled to make an appearance, all costs, expenses, attorney fees, and judgments ESCROW HOLDER may expend or incur in said action, shall be the responsibility of the parties hereto.

20. **UNCLAIMED FUNDS:** In the event that funds from this transaction remain in an account, held by ESCROW HOLDER, for such a period of time that they are deemed "abandoned" under the provisions of Chapter 120A of the Nevada Revised Statutes, ESCROW HOLDER is hereby authorized to impose a charge upon the dormant escrow account. Said charge shall be no less than $5.00 per month and may not exceed the highest rate of charge permitted by statute or regulation. ESCROW HOLDER is further authorized and directed to deduct the charge from the dormant escrow account for as long as the funds are held by ESCROW HOLDER.

## Brokers

21. **BROKER'S COMPENSATION/FEES:** Buyer herein requires, and Seller agrees, as a condition of this Agreement, that Seller will pay Listing Broker and Buyer's Broker, who becomes by this clause a third-party beneficiary to this Agreement, that certain sum and/or percentage of the Purchase Price (commission), that Seller, or Seller's Broker, offered for the procurement of ready, willing and able Buyer via the Multiple Listing Service, any other advertisement or written offer. Seller understands and agrees that if Seller defaults hereunder, Buyer's Broker, as a third-party beneficiary of this Agreement, has the right to pursue all legal recourse against Seller for any commission due. **In addition to any amount due to Buyer's Broker from Seller or Seller's Broker, Buyer will –OR– ✗ will not pay Buyer's Broker additional compensation in an amount determined between the Buyer and Buyer's Broker.**

22. **HOLD HARMLESS AND WAIVER OF CLAIMS:** Buyer and Seller agree that they are not relying upon any representations made by Brokers or Broker's agent. Buyer acknowledges that at COE, the Property will be sold AS-IS, WHERE-IS without any representations or warranties, unless expressly stated herein. Buyer agrees to satisfy himself/herself, as to the condition of the Property, prior to COE. Buyer acknowledges that any statements of acreage or square footage by Brokers are simply estimates, and Buyer agrees to make such measurements, as Buyer deems necessary, to ascertain actual acreage or square footage. Buyer waives all claims against Brokers or their agents for (a) defects in the Property; (b) inaccurate estimates of

Each party acknowledges that he/she has read, understood, and agrees to each and every provision of this page unless a particular paragraph is otherwise modified by addendum or counteroffer.

Buyer's Name(s): __Dionisio Gonzalez__   BUYER(S) INITIALS: _Dioni_ / ____ / ____ / ____

Property Address: __8835 Rancho Destino Rd__   SELLER(S) INITIALS: _MS_ / ____ / ____ / ____

Rev. 12.20    ©2020 Greater Las Vegas Association of REALTORS®    Page 7 of 11

acreage or square footage; (c) environmental waste or hazards on the Property; (d) the fact that the Property may be in a flood zone; (e) the Property's proximity to freeways, airports or other nuisances; (f) the zoning of the Property; (g) tax consequences; or (h) factors related to Buyer's failure to conduct walk-throughs or inspections. Buyer assumes full responsibility for the foregoing and agrees to conduct such tests, walk-throughs, inspections and research, as Buyer deems necessary. In any event, Broker's liability is limited, under any and all circumstances, to the amount of that Broker's commission/fee received in this transaction.

## Other Matters

**23. DEFINITIONS:** "**Acceptance**" means the date that both parties have consented to a final, binding contract by affixing their signatures to this Agreement and all counteroffers and said Agreement and all counteroffers have been delivered to both parties pursuant to Section 24 herein. "**Agent**" means a licensee working under a Broker or licensees working under a developer. "**Agreement**" includes this document as well as all accepted counteroffers and addenda. "**Appraisal**" means a written appraisal or Notice of Value as required by any lending institution prepared by a licensed or certified professional. "**Bona Fide**" means genuine. "**Buyer**" means one or more individuals or the entity that intends to purchase the Property. "**Broker**" means the Nevada licensed real estate broker listed herein representing Seller and/or Buyer (and all real estate agents associated therewith). "**Business Day**" excludes Saturdays, Sundays, and legal holidays. "**Calendar Day**" means a calendar day from/to midnight unless otherwise specified. "**CFR**" means the Code of Federal Regulations. "**CIC**" means Common Interest Community (formerly known as "HOA" or homeowners associations). "**CIC Capital Contribution**" means a one-time non-administrative fee, cost or assessment charged by the CIC upon change of ownership. "**CIC Transfer Fees**" means the administrative service fee charged by a CIC to transfer ownership records. "**Close of Escrow (COE)**" means the time of recordation of the deed in Buyer's name. "**Default**" means the failure of a Party to observe or perform any of its material obligations under this Agreement. "**Delivered**" means personally delivered to Parties or respective Agents, transmitted by facsimile machine, electronic means, overnight delivery, or mailed by regular mail. "**Down Payment**" is the Purchase Price less loan amount(s). "**EMD**" means Buyer's earnest money deposit. "**Escrow Holder**" means the neutral party that will handle the closing. "**FHA**" is the U.S. Federal Housing Administration. "**GLVAR**" means the Greater Las Vegas Association of REALTORS®. "**Good Funds**" means an acceptable form of payment determined by ESCROW HOLDER in accordance with NRS 645A.171. "**IRC**" means the Internal Revenue Code (tax code). "**LID**" means Limited Improvement District. "**N/A**" means not applicable. "**NAC**" means Nevada Administrative Code. "**NRS**" means Nevada Revised Statues as Amended. "**Party**" or "**Parties**" means Buyer and Seller. "**PITI**" means principal, interest, taxes, and hazard insurance. "**PMI**" means private mortgage insurance. "**PST**" means Pacific Standard Time and includes daylight savings time if in effect on the date specified. "**PTR**" means Preliminary Title Report. "**Property**" means the real property and any personal property included in the sale as provided herein. "**Receipt**" means delivery to the party or the party's agent. "**RPA**" means Residential Purchase Agreement. "**Seller**" means one or more individuals or the entity that is the owner of the Property. "**SID**" means Special Improvement District. "**Title Company**" means the company that will provide title insurance. "**USC**" is the United States Code. "**VA**" is the Veterans Administration.

**24. SIGNATURES, DELIVERY, AND NOTICES:**

    **A.** This Agreement may be signed by the parties on more than one copy, which, when taken together, each signed copy shall be read as one complete form. This Agreement (and documents related to any resulting transaction) may be signed by the parties manually or digitally. Facsimile signatures may be accepted as original.

    **B.** When a Party wishes to provide notice as required in this Agreement, such notice shall be sent regular mail, personal delivery, overnight delivery, by facsimile, and/or by electronic transmission to the Agent for that Party. The notification shall be effective when postmarked, received, faxed, delivery confirmed, and/or read receipt confirmed in the case of email. Delivery of all instruments or documents associated with this Agreement shall be delivered to the Agent for Seller or Buyer if represented. Any cancellation notice shall be contemporaneously delivered to Escrow in the same manner.

**25. IRC 1031 EXCHANGE:** Seller and/or Buyer may make this transaction part of an IRC 1031 exchange. The party electing to make this transaction part of an IRC 1031 exchange will pay all additional expenses associated therewith, at no cost to the other party. The other party agrees to execute any and all documents necessary to effectuate such an exchange

---

Each party acknowledges that he/she has read, understood, and agrees to each and every provision of this page unless a particular paragraph is otherwise modified by addendum or counteroffer.

Buyer's Name(s): **Dionisio Gonzalez**  BUYER(S) INITIALS: [Dioni] / ____ / ____

Property Address: **8835 Rancho Destino Rd**  SELLER(S) INITIALS: MJ / ____ / ____

26. **HUD/VA/FHA ESCAPE CLAUSE:** "It is expressly agreed that, notwithstanding any other provisions of this contract, the purchaser shall not be obligated to complete the purchase of the property described herein or incur any penalty by forfeiture of earnest money or otherwise unless the purchaser has been given, in accordance with HUD/FHA or VA requirements, a written statement issued by the Federal Housing Commissioner, Department of Veterans Affairs, or a Direct Endorsement Lender setting forth the appraised value of the property of not less that the agreed upon contract purchase price. The purchaser shall, however, have the privilege and option of proceeding with the consummation of this contract without regard to the amount of the appraised valuation. The appraised valuation is arrived at to determine the maximum mortgage the Department of Housing and Urban Development will insure or percent the Department of Veterans Affairs will guarantee. HUD/FHA or VA does not warrant the value or condition of the property. The purchaser should satisfy himself/herself that the price and condition of the property are acceptable.

27. **OTHER ESSENTIAL TERMS:** Time is of the essence. No change, modification or amendment of this Agreement shall be valid or binding unless such change, modification or amendment shall be in writing and signed by each party. This Agreement will be binding upon the heirs, beneficiaries and devisees of the parties hereto. This Agreement is executed and intended to be performed in the State of Nevada, and the laws of that state shall govern its interpretation and effect. The parties agree that the county and state in which the Property is located is the appropriate forum for any action relating to this Agreement. Should any party hereto retain counsel for the purpose of initiating litigation to enforce or prevent the breach of any provision hereof, or for any other judicial remedy, then the prevailing party shall be entitled to be reimbursed by the losing party for all costs and expenses incurred thereby, including, but not limited to, reasonable attorney's fees and costs incurred by such prevailing party.

**THIS IS A LEGALLY BINDING CONTRACT. All parties are advised to seek independent legal and tax advice to review the terms of this Agreement.**

THIS FORM HAS BEEN APPROVED BY THE GREATER LAS VEGAS ASSOCIATION OF REALTORS® (GLVAR). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.

28. **ADDENDUM(S) ATTACHED:**

N/A

29. **ADDITIONAL TERMS:**

N/A

N/A

N/A

N/A

Each party acknowledges that he/she has read, understood, and agrees to each and every provision of this page unless a particular paragraph is otherwise modified by addendum or counteroffer.

Buyer's Name(s): Dionisio Gonzalez                    BUYER(S) INITIALS: [Dioni] / ___ / ___

Property Address: 8835 Rancho Destino Rd             SELLER(S) INITIALS: M.S. / ___ / ___

**Confirmation of Agency:**

In the event any party to the real estate transaction is also represented by another licensee who is affiliated with the same Company, the Broker may assign a licensee to act for each party, respectively. As set forth within the *Duties Owed* form, no confidential information will be disclosed. This is ___ –OR– is not **X** such a transaction.

### Buyer's Acknowledgement of Offer

**Confirmation of Representation:** The Buyer is represented in this transaction by:

Buyer's Broker: **George Kypreos**        Agent's Name: **Rick Ruiz**
Company Name: **GK Properties**           Agent's License Number: **54121**
Broker's License Number: **1001699**      Office Address: **9555 S Eastern Ave #220**
Phone: **702-290-466**                    City, State, Zip: **Las Vegas    NV   89123**
Fax: **702-852-0932**                     Email: **Rick@RuizLV.com**

**BUYER LICENSEE DISCLOSURE OF INTEREST:** Pursuant to NRS 645.252(1)(c), a real estate licensee must disclose if he/she is a principal in a transaction or has an interest in a principal to the transaction. Licensee declares that he/she:
**X DOES NOT** have an interest in a principal to the transaction. –OR– ___ **DOES** have the following interest, direct or indirect, in this transaction: ___ Principal (Buyer) –OR– ___ family or firm relationship with Buyer or ownership interest in Buyer (if Buyer is an entity): (specify relationship) _____
_____.

Seller must respond by: **6** ( AM **X** PM) on (month) **March**, (day) **17**, (year) **2021**. Unless this Agreement is accepted, rejected or countered below and delivered to the Buyer's Broker before the above date and time, this offer shall lapse and be of no further force and effect. Upon Acceptance, Buyer agrees to be bound by each provision of this Agreement, and all signed addenda, disclosures, and attachments.

*Dionisia Gonzalez*                  **Dionisio Gonzalez**        03/15/2021    15 : 13    AM **●PM**
Buyer's Signature                    Buyer's Printed Name         Date          Time

_____              _____          _____    _____:_____   AM  PM
Buyer's Signature                    Buyer's Printed Name         Date          Time

_____              _____          _____    _____:_____   AM  PM
Buyer's Signature                    Buyer's Printed Name         Date          Time

_____              _____          _____    _____:_____   AM  PM
Buyer's Signature                    Buyer's Printed Name         Date          Time

Each party acknowledges that he/she has read, understood, and agrees to each and every provision of this page unless a particular paragraph is otherwise modified by addendum or counteroffer.
Buyer's Name(s): **Dionisio Gonzalez**                    BUYER(S) INITIALS: *Dioni* / ___ / ___

Property Address: **8835 Rancho Destino Rd**              SELLER(S) INITIALS: *MSJ* / ___ / ___

## Seller's Response

1
2  **Confirmation of Representation:** The Seller is represented in this transaction by:
3
4  Seller's Broker: _Forrest Barbee_       Agent's Name: _Stephanie Salazar_
5  Company Name: _BHHS Nevada Properties_  Agent's License Number: _S.0187302_
6  Broker's License Number: _B.005676_     Office Address: _8850 W Sunset Rd Ste 200_
7  Phone: _702-493-9889_                   City, State, Zip: _Las Vegas    NV    89148_
8  Fax: _702-868-7155_                     Email: _stephsalazarlv@gmail.com_
9
10 **SELLER LICENSEE DISCLOSURE OF INTEREST**: Pursuant to NRS 645.252(1)(c), a real estate licensee must disclose
11 if he/she is a principal in a transaction or has an interest in a principal to the transaction. Licensee declares that he/she:
12 **X DOES NOT** have an interest in a principal to the transaction. –OR–   **DOES** have the following interest, direct or indirect,
13 in this transaction:    Principal (Seller) –OR–   family or firm relationship with Seller or ownership interest in Seller (if
14 Seller is an entity): (specify relationship) _____.
15
16    **FIRPTA**: If applicable (as designated in the Seller's Response herein), Seller agrees to complete, sign, and deliver to Buyer's
17 FIRPTA Designee a certificate indicating whether Seller is a foreign person or a nonresident alien pursuant to the Foreign
18 Investment in Real Property Tax Act (FIRPTA). A foreign person is a nonresident alien individual; a foreign corporation not
19 treated as a domestic corporation; or a foreign partnership, trust or estate.  A resident alien is not considered a foreign person
20 under FIRPTA. Additional information for determining status may be found at www.irs.gov. Buyer and Seller understand that
21 if Seller is a foreign person then the Buyer must withhold a tax in an amount to be determined by Buyer's FIRPTA Designee in
22 accordance with FIRPTA, unless an exemption applies. Seller agrees to sign and deliver to the Buyer's FIRPTA Designee the
23 necessary documents, to be provided by the Buyer's FIRPTA Designee, to determine if withholding is required. (See 26 USC
24 Section 1445).
25
26 SELLER DECLARES that he/she **X is not** –OR–   is a foreign person therefore subjecting this transaction to FIRPTA
27 withholding. **SELLER(S) INITIALS:** _M.S._ / _____ / _____ / _____
28
29 **X ACCEPTANCE:** Seller(s) acknowledges that he/she accepts and agrees to be bound by each provision of this Agreement,
30 and all signed addenda, disclosures, and attachments.
31
32    **COUNTER OFFER:** Seller accepts the terms of this Agreement subject to the attached Counter Offer #1.
33
34    **REJECTION:** In accordance with NAC 645.632, Seller hereby informs Buyer the offer presented herein **is not** accepted.
35
36 _[signature]_              Manager for Rancho Destino INV LLC   3/16/21   1:11   AM **(PM)**
37 Seller's Signature         Mathieu Serre
                             Seller's Printed Name                  Date     Time
38
39 _____          _____                       _____  ___:___   AM  PM
40 Seller's Signature         Seller's Printed Name                  Date     Time
41
42 _____          _____                       _____  ___:___   AM  PM
43 Seller's Signature         Seller's Printed Name                  Date     Time
44
45 _____          _____                       _____  ___:___   AM  PM
46 Seller's Signature         Seller's Printed Name                  Date     Time

Each party acknowledges that he/she has read, understood, and agrees to each and every provision of this page unless a particular paragraph is
otherwise modified by addendum or counteroffer.
Buyer's Name(s): _Dionisio Gonzalez_                    BUYER(S) INITIALS: _Dioni_ / ____ / ____ / ____

Property Address: _8835 Rancho Destino Rd_              SELLER(S) INITIALS: _M.S._ / ____ / ____ / ____

Rev. 12.20                      ©2020 Greater Las Vegas Association of REALTORS®                       Page 11 of 11
This form presented by Ricardo Ruiz | GK Properties | 7028151555 | Rick@RuizLV.com       TRANSACTIONS
                                                                                         TransactionDesk Edition